MARION PARSONS SPENCER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22194. Promulgated April 9, 1928.

*C. C. Hamlin, Esq.,* and *R. R. Faulkner, Esq.,* for the petitioner.
*D. D. Shepard, Esq., J. G. Gibbs, Esq.,* and *Clark T. Brown, Esq.,* for the respondent.

SMITH: This proceeding, which involves the liability of a transferee under the provisions of section 280 of the Revenue Act of 1926,

was heard on petitioner's motion for judgment on the ground that the tax liability of the transferor was extinguished by the provisions of section 1106 (a) of the Revenue Act of 1926, and that section 280 of the Revenue Act of 1926, and so much of section 250 (d) of the Revenue Act of 1921 as relates to jeopardy assessments are unconstitutional. It was submitted on the basis of the pleadings, briefs and a stipulation of the facts material to the limitations issue.

The petitioner is an individual residing at Colorado Springs, Colo. She was the wife of Charles M. MacNeill at the time of his death and is a transferee of assets of his estate. On March 29, 1918, Charles M. MacNeill filed his individual income-tax return for the calendar year 1917 showing a tax due of $174,883.90, which amount was thereafter duly paid. On February 16, 1923, the respondent mailed to Charles M. MacNeill a letter which was received by him in due course and which reads as follows:

An examination of your income tax return for 1917 and of your books of accounts and records discloses an additional tax liability for that year of $280,449.82.

The audit of your return has been approved by this office.

It will be impracticable to give you the usual thirty-day notice of the proposed adjustment in view of the expiration at an early date of the five-year period provided in Section 250 (d) of the Revenue Act of 1921 within which additional assessment may be made. Assessment of the tax will, therefore, be entered immediately in order that the interests of the Government may not be jeopardized, but payment should not be made until a bill is received from the Collector of Internal Revenue for your district and remittance should then be made to him.

Since you have not been given thirty days within which to submit an appeal, you are advised that within ten days after receipt of notice and demand for payment you may file with the Collector of Internal Revenue a claim (Form 843) for abatement of the amount which you consider represents an excess assessment. If a claim is filed it should set forth in detail all the facts pertinent to the case and should be accompanied by the enclosed carbon copy of this letter. The claim for abatement will act as a stay to the collection of the tax, but in the event of an adverse decision interest will be added at the rate of ½ of 1% a month on the amount rejected from the time it was due until it is paid.

You are also advised that you may protect your rights by paying the tax under written protest and immediately filing with the Collector a claim on Form 843 for refund or credit of the amount which you consider represents an excess assessment. If all or any of such claim for refund or credit is allowed, interest at the rate of ½ of 1% a month will be paid to you on such amount from the date it was paid to the date of allowance.

The audit of the year 1918 is being made the subject of a separate communication from this office. The audit of the years 1919 and 1920 has not been completed and will be made the subject of a separate communication when completed.

On February 26, 1923, the respondent made an additional assessment against Charles M. MacNeill in the sum of $280,449.82, pur-

suant to the provisions of section 250 (d) of the Revenue Act of 1921, and on March 1, 1923, the collector served notice and demand for payment of the additional assessment. The taxpayer filed claim for abatement of the additional assessment on March 8, 1923.

On March 17, 1923, Charles M. MacNeill died, leaving a will under the terms of which the petitioner became the chief beneficiary and residuary legatee. On April 23, 1923, LeRoy W. Baldwin qualified as executor of· MacNeill's will in the County Court of El Paso County, Colorado, where the will had been admitted to probate, and acted as such executor until April 26, 1926, when MacNeill's estate was distributed and the executor discharged. The petitioner's share of her husband's estate consisted of real estate having a value not in excess of $1,900, and personal property having a value in excess of $300,000. Her share of the personal property was distributed to her on April 26, 1926.

On March 21, 1924, the Commissioner issued a certificate of over-assessment showing an overassessment in favor of Charles M. Mac-Neill for the year 1917 in the amount of $63,088.88, computed as follows:

| | |
|---|---:|
| Tax assessed, (original acct. #2412132) | $174,883.90 |
| Additional tax assessed, October 1919, page 12, line 8 | 7,592.07 |
| Additional tax assessed, February 1923, page 6, line 7, Sp. 16 | 280,449.82 |
| Total tax assessed | $462,925.79 |
| Tax liability | 399,836.91 |
| Overassessment | $63,088.88 |

A deficiency letter was mailed to the petitioner on November 8, 1926, proposing the assessment against her of the sum of $215,034.45 as constituting her liability under the provisions of section 280 of the Revenue Act of 1926 as a distributee of the estate of Charles M. MacNeill for unpaid taxes in that amount assessed against the estate for the calendar year 1917.

The five-year period provided for in section 250 (d) of the Revenue Act of 1921 expired with respect to the assessment and collection of the deficiency in tax of Charles M. MacNeill for the calendar year 1917 on March 29, 1923. Shortly prior to that time the Commissioner, on February 26, 1923, made a jeopardy assessment against Charles M. MacNeill in the amount of $280,449.82, which assessment remained uncollected on March 29, 1923. It does not appear nor is it contended that any consents were executed by or on behalf of MacNeill, the effect of which would be to extend the statute of limitations in force at the time the additional assessment was made. Neither does it appear nor is it contended that any suit or proceeding for the collection of such tax was begun prior to the expiration of the five-year period. In such cases the United States Supreme Court

has held that no suit or other proceeding for the collection of the tax can be maintained. *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346. Under the provisions of section 278 (e) of the Revenue Act of 1924 the statute of limitations contained in such Act is not applicable to the case at bar. Neither is the statute of limitations contained in the Revenue Act of 1926 applicable here by virtue of the provisions of section 278 (e) of that Act.

Section 1106 (a) of the Revenue Act of 1926 provides, however, that the bar of the statute of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability. Consequently, prior to the enactment of the Revenue Act of 1926, there was a liability running to the United States on account of an assessed and unpaid tax of Charles M. MacNeill for the calendar year 1917, which the Government was unable to enforce by reason of the bar of the statute of limitations. Subsequent to the enactment of the Revenue Act of 1926, however, there was no longer any liability running to the United States on account of MacNeill's tax for the year 1917.

Section 280 of the Revenue Act of 1926 provides for the assessment of the liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax imposed upon the taxpayer by that Act or by any prior income, excess-profits, or war-profits tax act. It also provides that if the period of limitation for assessment against the taxpayer expired before the enactment of that Act but assessment against the taxpayer was made within such period, then assessment of any such liability of a transferee might be made within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of the Revenue Act of 1926.

In the proceeding before us the period of limitation for the assessment of tax against the taxpayer expired prior to the enactment of the Revenue Act of 1926; assessment against the taxpayer was made within such period; and notice of the proposed assessment of the liability against the transferee was sent to such transferee within six years after the assessment against the taxpayer and within one year after the enactment of the 1926 Act. Nevertheless, the period of limitation appearing in section 280, relative to the assessment of the liability of a transferee, is necessarily predicated upon the existence of such liability. Here, by operation of section 1106 (a) of the Revenue Act of 1926, the primary liability of the transferor was extinguished and it follows that the secondary liability of the petitioner as transferee was also extinguished. Consequently, there is no liability assessable against her under the provisions of section 280 of the Revenue Act of 1926.

In this view of the instant proceedings, it will not be necessary to consider petitioner's arguments relative to the unconstitutionality of sections 280 of the Revenue Act of 1926, and 250 (d) of the Revenue Act of 1921.

Reviewed by the Board.

*Judgment of no deficiency will be entered.*